UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TUDOR INSURANCE COMPANY,

    Plaintiff,

vs.

AMERICAN HOME ASSURANCE
COMPANY,

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, TUDOR INSURANCE COMPANY ("TUDOR") hereby sues Defendant, AMERICAN HOME ASSURANCE COMPANY ("AMERICAN HOME"), by and through undersigned counsel, pursuant to 28 U.S.C. §2201 seeks a declaratory judgment for construction of TUDOR's legal rights in relation to a prior settlement paid on behalf of its insured(s) under commercial general liability policies issued to TUDOR's insured, owner of apartment complex, and AMERICAN HOME's insured, property manager of the subject residential apartment complex, and further states as follows:

## JURISDICTION, VENUE AND PARTIES

1. TUDOR is a New Hampshire commercial general liability insurer licensed and authorized to do business in the State of Florida.

2. AMERICAN HOME is a New York commercial general liability insurer licensed and authorized to do business in the State of Florida.

3. This Court has jurisdiction over the subject matter of this Plaintiff pursuant to 28 U.S.C. §1332(a)(3) as Plaintiff and Defendant are of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over the Defendant because it consented to personal jurisdiction and otherwise engaged in transactions or business within this state from which this action arises.

5. Venue lies in this federal district pursuant to 28 U.S.C. §1391(a), in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

6. At all times material hereto, TUDOR insured AOH Regent Ltd. under commercial general liability policy number GLO 0005167

283722

(Attached hereto as Exhibit "A" is a complete copy of the Tudor policy issued to AOH Regent Ltd.)

7. At all times material hereto, AMERICAN HOME insured The Lynd Company, a property management company that contracted with AOH Regent Ltd. to manage the residential complex known as Regents Apartments in Duval County, Florida. (Attached hereto as Exhibit "B" is a copy of the AMERICAN HOME policy provided to TUDOR in the course of the underlying lawsuit).

8. AOH Regent Ltd. and The Lynd Company entered into a management agreement whereby The Lynd Company was to serve as property manager for AOH Regent Ltd ownership of Regents Apartments (Attached hereto as Exhibit "C" is a copy of the Management Agreement between AOH Regent Ltd. and The Lynd Company).

9. AOH Regent Ltd. and The Lynd Company were sued by Brandon Carver, Sr. on behalf of himself and his two children in a lawsuit held in the Fourth Judicial Circuit in and for Duval County, under Case No. 2007-CA011978 for injuries to Mr. Brandon Carver, Sr.

arising out of a shooting incident that occurred on or about July 9, 2007, in the parking lot area of the Regents Apartments complex hereinafter referred to as the "underlying lawsuit". (Attached as Exhibit "D" is copy of the Complaint filed in the underlying lawsuit).

10. The underlying lawsuit was settled for the gross sum of $1,500,000, of which TUDOR paid $642,8571.10 and AMERICAN HOME paid $857,142.90 to fund the settlement of the underlying lawsuit.

## FACTS

11. On or about July 9, 2007, there was a shooting that occurred in the common area of the Regents Apartments complex. Brandon Carver, Sr. was taken to the hospital and determined to have bodily injuries including partial paralysis.

12. The lawsuit was filed by Brandon Carver, Sr. on December 18, 2007 against AOH-Regent Limited Partnership and The Lynd Company. (See, Exhibit "D")

13. On September 15, 2009, the parties reached a settlement in the underlying lawsuit.

14. The settlement was approved by the Court for the minor's claims on November 30, 2009.

15. The Plaintiff and Defendant entered into a handwritten agreement preserving its rights to file suit for declaratory judgment to have the settlement monies reallocated or reimbursed for overpayment as a result of a coverage dispute between TUDOR and AMERICAN HOME on which insurer had the primary obligation, and under what policy limits, to fund the settlement. (See, attached hereto as Exhibit "E" a copy of the Settlement Agreement between TUDOR and AMERICAN HOME).

16. TUDOR has demanded reimbursement from AMERICAN HOME for overpayment of policy benefits in contributing to the settlement with the Plaintiff, Brandon Carver, in the underlying lawsuit referenced herein in paragraph 9 above in accordance with what TUDOR contends is the appropriate allocation of insurer obligations under the policies issued by TUDOR and AMERICAN HOME.

17. AMERICAN HOME disagrees with the TUDOR's position on coverage; and therefore, TUDOR is in need of a construction of its

283722

legal rights, interpretation of the two insurance policies, and a declaration of coverage priority and policy limits applicable to fund the settlement as agreed to and contemplated by TUDOR and AMERICAN HOME pursuant to its agreement attached hereto as Exhibit "E").

## COUNT I – DECLARATORY JUDGMENT

18. Plaintiff realleges, reavers and incorporates paragraphs 1 through 17 as if fully set forth herein.

## PERTIENT POLICY TERMS

19. TUDOR hereby alleges and cites to the following pertinent terms, conditions, endorsements, exclusions of the insurance policy issued by TUDOR INSURANCE COMPANY to AOH Regents Ltd., as well as the AMERICAN HOME ASSURANCE policy issued to The Lynd Company, which control the relative rights and obligations of either insurer subject to Florida Law, as applied to the resolution of the issues identified above in this Petition. These insurance policies have been attached as Exhibits "A" and "B" and incorporated herein to this Petition For Declaratory Judgment.

20. TUDOR'S policy of insurance contains the following Endorsement,

> This endorsement, issued by TUDOR INSURANCE COMPANY, forms a part of the policy to which it is attached.
>
> ### REAL ESTATE AGENTS AND BROKERS PROFESSIONAL LIABILITY EXCLUSION
>
> In consideration of the premium charged, it is agreed that this insurance does not apply to any liability for "bodily injury," "property damage," "personal injury" or "advertising injury" arising out of the rendering of or failure to render professional services in the conduct of any insured's business as a "real estate professional" and/or "real estate property manager."
>
> As used in this endorsement, the term "Real Estate Professional" means a:
>
> > a. Real estate property manager,
> > b. Real estate appraiser, or
> > c. Licensed real estate agent or broker.
>
> As used in this endorsement, the term "Real Estate Property Manager" means a person or organization while performing any one or ore of the following services in connection with real property, including functions necessary and incident to such services:
>
> > a. Securing tenants, renting, or leasing;
> > b. Collecting rents;

      c. Controlling expenses and reporting such expenses to the real estate owner.

It is further agreed that this insurance does not apply to any "claim" or "claims" arising out of the commingling or inability or failure to pay or collect premium, claim, rental, lease or tax money.

(Attached hereto as Exhibit "F" is a copy of Endorsement No. 0021 (05-04).

21. AMERICAN HOME'S policy of insurance contains the following Endorsement,

      Policy No. GL 457-12-86 issued to THE LYND COMPANY by AMERICAN HOME ASSURANCE COMPANY

This Endorsement Changes the Policy, Please Read It Carefully

**ADDITIONAL INSURED – WHERE REQUIRED UNDER CONTRACT OR AGREEMENT**

*This endorsement modifies insurance provider under the following:*

COMMERCIAL LIABILITY COVERAGE FORM

**SECTION II – WHO IS AN INSURED,** is amended to include as an additional insured:

Any person or organization to whom you become obligated to include as an additional insured under this policy, as a result of any contract or agreement you enter into which

283722

Case 3:10-cv-00560-TJC-JRK   Document 1   Filed 06/30/10   Page 9 of 15

Tudor vs. American Home
Page 9

requires you to furnish insurance to that person or organization of the type provided by this policy, but only with respect to liability arising out of your operations or premises owned by or rented to you.

However, the insurance provided will not exceed the lesser of:

- The coverage and/or limits of this policy, or
- The coverage and/or limits required by said contract or agreement.

    \*    \*    \*

(Attached hereto as Exhibit "G" is a copy of Endorsement No. 61712 (12/06)

22. American Home's Policy also contained the following Endorsement,

Section IV – Commercial General Liability Conditions. 4 – Other Insurance. B –Excess Insurance, is amended to read.

b. Excess Insurance

This insurance is excess over any of the other insurance whether primary, excess, contingent or on any other basis:

(1) Unless such insurance is specifically purchased to apply as excess of this policy, or

(2) You are obligated by contract to provide primary insurance.

When this insurance is excess, we will have no duty under Coverage A or B to defend any claim or "suit" that any other insurer has a duty to defend. If no other insurer

283722

defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(1)   The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2)   The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insruance provision and was not bought specifically to apply in excess of the Limits of Insruance shown in the Declarations of this Coverage Part.

(See Attached hereto as Exhibit "H" is Endorsement #67265 (3/97)

\*          \*          \*

## Disputed Policy Terms

23.   TUDOR contends that the AMERICAN HOME Policy contained the following Endorsement,

**II.   SECTION III – LIMITS OF INSURANCE,** is amended to include the following.

1. The Limits of Insruance and the rules below fix the most we will pay regardless of the number of

283722

       **a.** Insureds;

       **b.** Claims made or "suits" brought, or

       **c.** Persons or organizations making claims or bringing "suits"

   **2.** The General Aggregate Limit is the most we will pay for the sum of

       **a.** Medical expenses under Coverage **C.**

       **b.** Damages under Coverage **A** except damages because of "bodily injury" or "property damage" included in the products-completed operations hazard, and

       **c.** Damages under coverage **B.**

   **5.** Subject to 2 or 3 above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of

       **a.** Damages under Coverage **A**, and
       **b.** Medical expenses under Coverage **C**

Because of all "bodily injury" and "property damage" arising out of any one "occurrence".

          \*          \*          \*

**III.** The Limits of Insurance shown in the Declarations are deleted in their entirety and replaced by the Limits of Insurance set forth below

|  | Limits of Insurance |
|---|---|
| General Aggregate Limit | $2,000,000 |
| Each Occurrence Limit | $2,000,000 |

283722

(See Attached hereto as Exhibit "I" Endorsement No. 86681 (9/04)

24. TUDOR and AMERICAN HOME reached an agreement to fund the settlement with Carver in the underlying lawsuit and to have the Court resolve issues in dispute regarding priority and amount of coverage each insurer is responsible to pay towards the settlement and the reimbursement ad reflected in paragraph 7 above.

25. AMERICAN HOME contends based on a recently produced binder that its coverage limits under its policy is $1,000,000 (See, attached hereto Exhibit "J" binder).

26. TUDOR contends that the language of the "binder" expressly states that where the terms of the binder conflict with the terms of the policy, the policy terms shall control. (See, Exhibit "J").

27. AOH Regents is an additional insured under the AMERICAN HOME policy by endorsement and TUDOR relied on the $2,000,000 per occurrence policy limits contained in AMERICAN HOME's Policy.

283722

28. Pursuant to 28 U.S.C. §2201, TUDOR has a bona fide dispute with AMERICAN HOME and is in doubt as to its legal rights and are in need of this Court to construct its rights and determine as matter of law the following issues.

## LEGAL ISSUES

29. Whether the AMERICAN HOME Insurance policy had $2,000,000 or a $1,000,000 "per occurrence" policy limits available to pay claims brought under the policy including the settlement with Brandon Carver, Sr., and his children.

30. Whether TUDOR is entitled to reimbursement of $642,857.10 from AMERICAN HOME because TUDOR'S named insured AOH Regent Ltd./Blue Ribbon Properties was an "additional insured" on the policy issued by AMERICAN HOME to its named insured The Lynd Company.

31. In the alternative, if it is determined that TUDOR and AMERICAN HOME share an obligation to provide coverage on a pro-rata basis, then would TUDOR and AMERICAN HOME be entitled to have the allocation of payment obligations recalculated based on the

283722

gross settlement paid in the Carver lawsuit; and, also based on the determination of whether the policy limits for bodily injuries available for this loss under AMERICAN HOME Assurance Company, each occurrence policy limit is $1,000,000 or $2,000,000. An adjustment, if any, will be made by the Court based on this recalculation.

WHEREFORE, Plaintiff, TUDOR INSURANCE COMPANY hereby prays this Honorable Court to: construct their rights which include the appropriate priority of coverage available and owed by Plaintiff and Defendant to the Defendants in the underlying lawsuit AOH-Regent, Ltd. And The Lynd Company; rights of reimbursement for policy proceeds as indemnity payments to fund the settlement in the underlying lawsuit; recalculation and reimbursement to TUDOR of the settlement funding obligations; and, adjudicate the Legal Issues as set forth in paragraphs 29, 30 and 31 above. Award attorney's fees if allowable as a matter of law, costs, prejudgment interest, if allowable as a matter of law, and any another relief deemed just and proper by this Court.

283722

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of any issue triable as a matter of right.

Dated: June 28, 2010.

                      Respectfully Submitted,

                      **FALK, WAAS, HERNANDEZ, CORTINA, SOLOMON & BONNER, P.A.**

By: _[signature]_
                      Shawn J. Davis
                      Florida Bar No.: 0123196
                      515 E. Las Olas Boulevard
                      Suite 1000
                      Ft. Lauderdale, FL 333301
                      Telephone: (954) 334-0230
                      Facsimile: (954) 763-6331
                      Email: sdavis@falkwaas.com
                      Attorneys for Tudor Insurance

283722